UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

                    Plaintiff,

   v.

Walter Davis (1),

                    Defendant.

Case No. 21-cr-0206 (WMW/DTS)

**ORDER ON MOTIONS IN LIMINE**

---

Before the Court are Plaintiff United States of America's and Defendant Walter Davis's motions in limine, (Dkts. 58, 59, 60, 61, 62, 66), Davis's waiver of his right to a jury trial, (Dkt. 53), and Davis's motion to modify his conditions of release, (Dkt. 54). For the reasons addressed below, the motions in limine are granted in part and denied in part. Davis's motion to modify his conditions of release is denied as moot. The Court will conduct a colloquy as to Davis's jury trial waiver before trial.

A grand jury returned an indictment in this case on September 28, 2021. Count 1 of the indictment charges Davis with attempted distribution of a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). Count 2 of the indictment charges Davis with possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B). Counts 3 and 4 of the indictment charge Davis with being a felon in possession of firearms, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). The grand jury returned a superseding indictment on December 14, 2021, alleging the same offenses.

The superseding indictment alleges the specific chemical compounds comprising the controlled substance that Davis allegedly possessed and attempted to distribute.

The jury trial in this case is scheduled to commence on June 15, 2022. This order addresses, in turn, the parties' motions in limine, Davis's waiver of his right to a jury trial and Davis's motion to modify his conditions of release.

### I.      Cross-Motions as to Prior-Bad-Act Evidence

Davis and the United States cross-move for an order addressing the admissibility of evidence pursuant to Federal Rule of Evidence 404(b). The United States seeks admission of two videos from April 27, 2021, and May 25, 2021, that feature firearms and that Davis sent to acquaintances via his Facebook account.[1] Davis seeks exclusion of this evidence. Davis argues that the two videos are inadmissible propensity evidence and that the videos should not be admitted because they were recorded after the charged offenses. The United States contends that the evidence is admissible for the purpose of showing Davis's knowledge and intent to possess firearms.

Rule 404(b) prohibits the admission of "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent,

---

[1]      On June 7, 2022, the United States filed a supplement to its response to Davis's motion in limine, specifically identifying the evidence that the United States seeks to have admitted and the rules of evidence pursuant to which the United States seeks admission of the identified evidence. To the extent the United States's supplement conflicts with the United States's trial brief or earlier response to Davis's motions in limine, the Court relies on the representations in the supplement.

preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). To be admissible, such evidence must "(1) be relevant to a material issue raised at trial, (2) be similar in kind and close in time to the crime charged, (3) be supported by sufficient evidence to support a finding by a jury that the defendant committed the other act, and (4) not have a prejudicial value that substantially outweighs" the probative value of the evidence. *United States v. Johnson*, 439 F.3d 947, 952 (8th Cir. 2006) (internal quotation marks omitted). Because Rule 404(b) is a rule of inclusion, evidence offered for a permissible purpose "is presumed admissible absent a contrary determination." *United States v. Davis*, 867 F.3d 1021, 1029 (8th Cir. 2017) (internal quotation marks omitted). The first factor, materiality, is dispositive as to the parties' motions.

The United States argues that evidence of Davis's possession of firearms on two occasions is admissible to prove knowledge and intent, both of which are permissible purposes under Rule 404(b). "Where intent is an element of the crimes charged, evidence of other acts tending to establish that element is generally admissible." *United States v. Adams*, 898 F.2d 1310, 1312 (8th Cir. 1989) (internal quotation marks omitted). "Evidence that a defendant possessed a firearm on a previous occasion is relevant to show knowledge and intent." *United States v. Walker*, 470 F.3d 1271, 1274 (8th Cir. 2006). Davis is charged with two counts of felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). The United States must, therefore, prove that Davis knowingly possessed the firearms. The United States argues that the two videos that Davis sent to acquaintances after the charged offenses and in which Davis appears to possess firearms are relevant to show both Davis's knowledge and intent. Davis counters

that, because the videos were recorded *after* the charged offenses, the videos establish neither Davis's knowledge nor his intent at the time of the charged offenses.  The Court agrees with Davis that evidence that occurred after the charged offenses does not evince knowledge or intent at the time of the charged offenses.  Rather, it is propensity evidence. In light of this conclusion, the Court need not address the remaining 404(b) factors.  The Court, therefore, denies the United States's motion to admit the Facebook videos that Davis allegedly sent to acquaintances on April 27, 2021, and May 25, 2021, that depict firearms.

## II.    Motion to Admit Intrinsic Evidence

The United States moves to admit evidence that suggests that, in the months before and after the charged offenses, Davis was in the presence of narcotics, conducted drug transactions, had large amounts of cash, and discussed firearm purchases.  This evidence exists in the form of a voice message, video recordings, photographs, a Facebook status update, and correspondence.  Davis opposes the motion, arguing that the evidence that the United States seeks to admit is both insufficiently related to and too remote in time from the charged offenses.  Davis also maintains that the evidence is unduly prejudicial.

Relevant evidence "includes evidence providing the context in which the crime occurred, i.e. the *res gestae*."  *United States v. Morrison*, 748 F.3d 811, 812 (8th Cir. 2014) (internal quotation marks omitted).  But Federal Rule of Evidence 404(b) prohibits the introduction of "[e]vidence of a crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  "Although *res gestae* evidence sometimes implicates the defendant in other acts," if those acts are "inextricably intertwined with the charged

crime, they are not extrinsic, and thus not merely character evidence." *Morrison*, 748 F.3d at 812 (internal quotation marks omitted). Such intrinsic evidence "completes the story" of or "provides context to" the charged offenses and is not governed by Rule 404(b). *United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014) (internal quotation marks omitted); *see also United States v. Carroll*, 207 F.3d 465, 468 (8th Cir. 2000). Although intrinsic evidence need not be necessary to the fact finder's understanding of the issues to be admissible, when evaluating the admissibility of intrinsic evidence, a court must weigh the probative value of the evidence against its potential for unfair prejudice. *See United States v. Guzman*, 926 F.3d 991, 1000 (8th Cir. 2019).

The United States argues that the evidence pertaining to Davis's conduct in the months before and after the charged offenses is intrinsic evidence that provides context for the charged offenses—namely, narcotics trafficking and gun possession. The United States seeks admission of evidence that occurred both before and after the charged offenses. The evidence that occurred before the charged offenses that the United States seeks to admit is as follows: (1) a WhatsApp conversation between Davis and an acquaintance that includes photographs of suspected narcotics, a video recording of Davis with suspected narcotics and an allegedly coded voice message pertaining to a suspected drug transaction; (2) a Facebook status update that Davis allegedly published indicating that he planned to stow a firearm; (3) video recordings from Davis's cell phone that depict large amounts of cash; and (4) a Facebook correspondence between Davis and an acquaintance pertaining to the purchase of firearms. Evidence that occurred after the charged offenses is a June 6, 2021 Facebook video recording sent by Davis to an acquaintance that depicts large amounts of

cash.  The United States maintains that all of this evidence is inextricably intertwined with, and provides the context for, the charged offenses as this is evidence of Davis's involvement in narcotics trafficking.  At the June 7, 2022 pretrial hearing, the United States represented that its drug-trafficking expert will rely on this intrinsic evidence in his testimony.  Davis objects, arguing that this evidence is insufficiently related to the crimes charged, remote in time from the charged offenses and unduly prejudicial.

The risk of prejudice as to the video recording that post-dates the charged offenses outweighs this video's probative value.  However, because the remaining evidence provides context for Davis's charged offenses, the Court grants in part and denies in part the United States's motion to admit intrinsic evidence.  In summary, the intrinsic evidence identified by the United States that pre-dates the charged offenses is admissible at trial, but the video recording that post-dates the charged offenses is excluded.

### III.    Motion to Allow Impeachment by Prior Conviction

The United States moves for an order permitting the use of Davis's prior felony convictions to impeach any testimony provided by Davis.  Davis's criminal history includes convictions of the following felony offenses: second-degree burglary on November 13, 2012; first-degree aggravated robbery/second-degree assault on December 20, 2006; theft on December 20, 2006; criminal damage to property on December 20, 2006; and receiving stolen property on December 20, 2006.

When a defendant testifies in a criminal trial, the testimony of the defendant may be impeached by evidence that the defendant has been convicted of a crime that is punishable by imprisonment for more than one year "if the probative value of the [conviction]

outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). *See United States v. Chauncey*, 420 F.3d 864, 874 (8th Cir. 2005) (reasoning that "because of the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath," such convictions are probative of witness credibility) (internal quotation marks omitted).

If Davis testifies, his credibility as a witness will be directly at issue. Davis maintains that his prior convictions have no rational relationship to the charged crimes and that the prior crimes do not speak directly to Davis's credibility or character for truthfulness. Although Davis's prior felony convictions involving burglary, assault, theft, property damage, and receipt of stolen property arguably do not implicate his character for truthfulness as directly as a conviction of fraud, for example, the existence of prior felony convictions is, nonetheless, inherently probative of credibility. *See Chauncey*, 420 F.3d at 874.

Because Davis's November 13, 2012 felony conviction is less than ten years old and is probative of his credibility, if Davis chooses to testify, this conviction is admissible.

The United States also seeks admission of four other felony convictions that are more than ten years old to attack Davis's credibility if he chooses to testify. "[I]f more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later . . . [e]vidence of the conviction is admissible only if . . . its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). The United States argues that Davis's December 2006 convictions are probative of credibility because the convictions demonstrate a flagrant

disregard for the law and are related to one another. In December 2006, Davis was convicted of four felonies for which he was sentenced to 96 months' imprisonment. In November 2011, Davis was released from custody and placed on supervised release. Davis absconded from supervised release in 2012, was arrested for second-degree burglary in June 2012, and was convicted of second-degree burglary in November 2012. Evidence of Davis's December 2006 convictions, which are more than ten years old, is propensity evidence. The United States has not demonstrated with specific facts and circumstances that the probative value of these December 2006 convictions substantially outweighs the prejudicial effect of this evidence. Davis's December 2006 convictions, therefore, are not admissible.

For these reasons, the Court grants the United States's motion to admit into evidence Davis's November 2012 felony conviction and denies the United States's motion to admit into evidence Davis's four December 2006 felony convictions.

### IV.    Motions to Sequester Witnesses

Davis seeks sequestration of witnesses with directions to refrain from discussing their trial testimony with one another. The United States requests sequestration of all potential witnesses except the United States's case agent.

"At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. An employee designated as a representative of an entity party is exempt from the sequestration rule, however. Fed. R. Evid. 615(b). This exemption permits a government case agent to sit at counsel table

throughout a criminal trial, even when the case agent is a testifying witness. *United States v. Riddle*, 193 F.3d 995, 997 (8th Cir. 1999).

The Court grants the United States's motion to sequester witnesses and grants, in part, and denies, in part, Davis's motion to sequester all witnesses. All witnesses other than the designated representative for the United States, Postal Inspector Sarah Wicker, shall be excluded from the courtroom after the trial begins. Counsel for both parties shall advise prospective witnesses of this ruling to ensure compliance with the Court's sequestration order.

## V.     Motion to Exclude Hearsay Testimony

The United States moves to preclude Davis from offering into evidence hearsay statements made by Davis or others. Davis does not object to this motion. A criminal defendant's prior out-of-court exculpatory statements are hearsay if they are merely consistent with the defendant's plea of not guilty. *See United States v. Waters*, 194 F.3d 926, 930–31 (8th Cir. 1999) (holding that the district court did not err by refusing to admit evidence of the defendant's prior statements consistent with plea of not guilty); *United States v. Chard*, 115 F.3d 631, 634–35 (8th Cir. 1997) (same). The United States has not identified any self-serving hearsay statements that exist and that Davis or others might offer into evidence. Because the Court declines to issue an advisory opinion, the United States's motion is denied without prejudice.

### VI.    Motion to Exclude Witness Testimony on Davis's Gang Membership or Affiliation

Davis moves to exclude witness testimony as to Davis's gang membership or affiliation.  The United States represents that it does not intend to introduce such evidence and has instructed its witnesses accordingly.  Accordingly, Davis's motion to preclude witness testimony on Davis's gang membership or affiliation is denied as moot.

### VII.   Motion to Exclude Testimony from the United States's Drug-Trafficking Expert

Although Davis moved to exclude the testimony of West Fargo Police Chief Dennis Otterness, the United States's drug-trafficking expert, Davis subsequently withdrew this motion at the June 7, 2022 pretrial hearing.  Davis's motion to exclude expert testimony, therefore, is denied as moot.

### VIII.  Davis's Waiver of His Right to a Jury Trial

Davis has waived his right to a jury trial.  Although the Sixth Amendment to the United States Constitution guarantees a defendant in a criminal case a jury trial, a defendant may waive this constitutional right to a jury trial if such waiver is voluntarily, knowingly and intelligently made.  *Dranow v. United States*, 325 F.2d 481, 482 (8th Cir. 1963).  A defendant's jury-trial waiver must be submitted in writing and must receive the consent of the United States and the approval of the district court.  Fed. R. Crim. P. 23(a).  "Whether a defendant has validly waived [the jury-trial] right depends on the unique circumstances of each case . . . ."  *United States v. Williams*, 951 F.3d 892, 900 (8th Cir. 2020).  A district court must consider a variety of factors "including, but not limited to, the extent of the particular defendant's ability to understand courtroom discussions regarding jury waiver."

10

*United States v. Guide*, 891 F.3d 744, 748 (8th Cir. 2018) (internal quotation marks omitted). Davis notified the Court in writing of his waiver of his right to a jury trial. The United States notified the Court at the June 7, 2022 pretrial hearing that the United States consents to Davis's waiver. The Court will conduct a colloquy with Davis before the trial commences to establish that Davis understands his right to a jury trial and that his waiver is voluntary and intelligently made.

### IX.    Davis's Motion to Modify his Conditions of Release

Davis moves for modification of the conditions of his pretrial release. But Davis has not specified the nature of the requested modification or the basis for doing so. On May 25, 2022, the Court issued a text-only order directing Davis to file a memorandum of law in support of his motion on or before June 1, 2022. Because Davis failed to do so, the Court denies without prejudice Davis's motion to modify the conditions of his pretrial release.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.    Plaintiff United States of America's motions in limine, (Dkt. 66), are **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.    The United States's motion to introduce prior-bad-act evidence pursuant to Federal Rule of Criminal Procedure 404(b) is **DENIED**.

    b.    The United States's motion to introduce intrinsic evidence is **GRANTED** as to the identified evidence that pre-dates Defendant

Walter Davis's charged offenses and is **DENIED** as to the identified evidence that post-dates Davis's charged offenses.

c.      The United States's motion to impeach Davis with prior convictions is **GRANTED** as to evidence of Davis's November 2012 felony conviction and **DENIED** as to evidence of Davis's four December 2006 felony convictions.

d.      The United States's motion for sequestration is **GRANTED**.

e.      The United States's motion to preclude self-serving hearsay statements by Davis or others is **DENIED WITHOUT PREJUDICE**.

2.      Davis's motion in limine to exclude prior-bad-act evidence, (Dkt. 58), is **GRANTED** to the extent that the United States is prohibited from admitting evidence of the two identified video recordings that post-date the charged offenses.

3.      Davis's motion in limine to exclude evidence of prior convictions, (Dkt. 59), is **GRANTED IN PART AND DENIED IN PART**.  If Davis testifies, the United States may challenge Davis's credibility with evidence of Davis's November 2012 felony conviction.  Evidence of Davis's four December 2006 felony convictions shall be excluded.

4.      Davis's motion in limine to preclude any testimony as to Davis's gang membership or affiliation, (Dkt. 60), is **DENIED AS MOOT**.

5.      Davis's motion for sequestration, (Dkt. 61), is **GRANTED IN PART AND DENIED IN PART**.  All witnesses other than the United States's designated

representative, Postal Inspector Sarah Wicker, shall be excluded from the courtroom during the trial.

6.      Davis's motion in limine to exclude testimony from the United States's drug-trafficking expert, (Dkt. 62), is **DENIED AS MOOT**.

7.      Davis's motion to modify the conditions of his pretrial release, (Dkt. 54), is **DENIED WITHOUT PREJUDICE**.

Dated:  June 13, 2022                                s/Wilhelmina M. Wright
                                                     Wilhelmina M. Wright
                                                     United States District Judge